UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY C. PARRISH,

                    Plaintiff,

         -against-

ORANGE COUNTY LAW ENFORCEMENT
AGENCY-M.P.D., T/O CRAWFORD P.D.,
JUDGE RICHARD J. GUERTIN, A.D.A.
DAVID J. BYRNE, 18-B LAWYER
CHRISTOPHER GURDA, 18-B LAWYER
MATHEW D. WITHEROW, 18-B LAWYER
ALEX SMITH, P.O. VALASTRO, P.O.
ORTIZ,

                    Defendants.

25-CV-1674 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

      Plaintiff Anthony C. Parrish, who currently is incarcerated in the Orange County

Correctional Facility in Goshen, New York, brings this action, *pro se*, under 42 U.S.C. § 1983.

He alleges that Defendants violated his constitutional rights during an arrest in the City of

Middletown, Orange County, New York, as well as during his criminal proceedings in an Orange

County courthouse. By order dated April 2, 2025, the Court granted Plaintiff's request to proceed

*in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the following reasons, the

Court grants Plaintiff 60 days' leave to file an amended complaint.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see* Abbas v. Dixon,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. Iqbal, 556 U.S. at 678-79 (citing Twombly, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action asserting claims arising from his arrest and subsequent prosecution. He names as Defendants (1) the Orange County Law Enforcement Agency M.P.D., which the Court understands to be the Middletown Police Department ("MPD"); (2) MPD Officer Ortiz and Crawford Police Department Officer Valastro; (3) City of Middletown Judge, Richard J. Guertin; (4) Assistant District Attorney ("ADA") David J. Byrne; and (5) Christopher Gurda, Mathew D. Witherow, and Alex Smith, defense lawyers presumably assigned to represent Plaintiff in his criminal proceedings.

The following facts are drawn from the complaint.[2] On June 6, 2024, Plaintiff was "unlawfully arrested and detained at gunpoint by law enforcement in Middletown, N.Y.," following the release of a bulletin "that was put out for Plaintiff as a person of interest for questioning in relation to a crime that was committed in a nearby Town of Crawford, N.Y." (ECF 1, at 6.) Plaintiff asserts that "no probable cause existed" for his arrest. (*Id.* at 5.)

On June 10, 2024, Plaintiff's grand jury proceeding at an Orange County courthouse commenced. (*Id.* at 6.) According to Plaintiff, "no one showed up" on behalf of Plaintiff, the "Prosecution" or the "Damaged Party." (*Id.*) Nonetheless, the Court "still remanded" him to custody and thereafter appointed Gurda to represent him. (*Id.*) Several days later, after June 13, 2024, when Plaintiff alleges the statute of limitations had run on the crime for which he was arrested, Gurda waived Plaintiff's right to "testify on his [own] behalf," without his consent. (*Id.*) A motion filed (either by or for Plaintiff) addressed "this unlawful, unfair action" of waiver but was "erroneously denied." (*Id.*)  At that time, the trial court granted Plaintiff a reassignment of counsel but "denied [his simultaneous] motion to be brought back before a grand jury for a fair legal proceeding." (*Id.*) Plaintiff further alleges that he had "no legal representation [at his] felony arrai[]gnment" because his "assigned counsel had [a] conflict of interest." (*Id.*)

Plaintiff alleges he suffered "mental/emotional stress," as has his "wife, children, [and] family." (*Id.* at 6.) He also alleges that he endured "financial stress" due to the "loss of [his] wages and employment." (*Id.*) Plaintiff seeks both "injunctive and monetary relief." (*Id.*)

## DISCUSSION

The complaint does not state a claim against any of the named defendants. First, Plaintiff

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

cannot state a claim against Judge Guertin, who likely presided over Plaintiff's criminal proceedings, because this judicial officer is immune from liability. Second, Plaintiff's claims against ADA Byrne, who presumably prosecuted Plaintiff, must be dismissed under the doctrine of prosecutorial immunity. Third, the federal claims against Plaintiff's defense counsel cannot proceed because these private individuals cannot be held liable under Section 1983. Fourth, Plaintiff's claims against the two police officers, who the Court assumes effectuated Plaintiff's arrest, do not state sufficient facts suggesting that Plaintiff may pursue his claims against these two individuals. Fifth, Plaintiff's claims against the MPD are subject to dismissal because Plaintiff does not state a claim against the police department.

Finally, to the extent Plaintiff's seeks this Court's intervention in his ongoing criminal proceedings, the Court declines to intervene.

## A.    Judicial Immunity (Judge Richard J. Guertin)

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209 (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky,* 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed

broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Here, Plaintiff names as a defendant Judge Guertin, presumably because this judicial officer presided over Plaintiff's criminal proceedings in Orange County. Plaintiff does not state any facts, however, that suggest Judge Guertin acted beyond the scope of his judicial responsibilities or outside his jurisdiction. *See Mireles*, 502 U.S. at 11-12. Rather, Plaintiff disagrees with the manner in which his criminal proceedings unfolded. For example, the complaint includes allegations showing Plaintiff's disagreement with the trial court's decision to remand Plaintiff and deny Plaintiff's motion seeking dismissal under the statute of limitations. (*See* ECF 1, at 6.) Because these allegations show that Plaintiff sues Judge Guertin for "acts arising out of, or related to, individual cases before him," this defendant is immune from suit for such claims. *Bliven*, 579 F.3d at 210. Accordingly, the Court dismisses Plaintiff's claims against Judge Guertin because they seek "monetary relief" against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and they are consequently frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *see also* 28 U.S.C. § 1915A(b)(1) (including "frivolous" grounds for dismissal of civil actions by prisoner seeking redress from governmental entity, officer, or employee).

**B.    Prosecutorial Immunity (Assistant District Attorney David J. Byrne)**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see*

*also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). This immunity applies to, among other prosecutorial actions, the decision whether to prosecute someone. *See Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (among the prosecutorial actions protected from damages liability by the doctrine of prosecutorial immunity are "deciding whether to bring charges and presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas").

In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that Assistant District Attorneys' direction as to where a criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and prosecutors were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*)).

Here, Plaintiff's claims against ADA Byrne, who likely is the prosecutor assigned to Plaintiff's criminal case, appear to be based solely on Byrne's conduct within the scope of his official duties. Because Byrne is immune from suit when allegations concern the initiation of a prosecution of the presentation of the State's case against the plaintiff, Byrne is absolutely immune from liability in this lawsuit. Accordingly, the Court dismisses these claims because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and consequently are frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v.*

*Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**C.    Private Actors (Christopher Gurda, Matthew D. Witherow, and Alex Smith)[3]**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.").

Defendant Gurda, Witherow, and Smith are private attorneys who are not alleged to have

---

[3] Although Plaintiff names three 18-B lawyers as Defendants, he only describes actions by Christopher Gurda and Matthew D. Witherow. For the purposes of this order, the Court assumes that Alex Smith also represented Plaintiff in his criminal proceedings.

worked for any state or other government body, even though the trial court assigned them to represent Plaintiff during his criminal proceedings. *See Bourdon*, 386 F.3d at 90 (holding that court-appointed lawyers are not state actors). As such, they are not subject to suit under Section 1983, and the Court therefore dismisses these claims for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii).

**D.    Failure to State a Claim (Police Officers Ortiz and Valastro; Middletown Police Department)**

Plaintiff names two police officers as defendants in this action: Officer Valastro of the Crawford Police Department and Officer Ortiz of the Middletown Police Department.[4] The Court construes the complaint as asserting false arrest and malicious prosecution claims against these two defendants. The Court also construes the complaint as asserting a municipal liability claim against the MPD and the City of Middletown.

**1.    False Arrest Claim**

A claim for false arrest under Section 1983 incorporates the elements of a false arrest claim under state law. *See Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003). To state a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable

_____

[4] Plaintiff sues the officers in their official capacity. When police officers are sued in their official capacity under Section 1983, such lawsuits are functionally equivalent to a suit against the governmental entity that the officers represent. *Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) (holding that where claims against a municipality were dismissed, claim against police officers in their official capacity was also properly dismissed because it was essentially a claim against the municipality). In light of Plaintiff's *pro se* status, the Court construes Plaintiff's claims against Valastro and Ortiz as brought against them in their personal capacity.

cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal quotation marks omitted)).

"[P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.* at 84-85 (quoting *Weyant*, 101 F.3d at 852). "When determining whether probable cause exists courts must consider those facts available to the officer at the time of the arrest and immediately before it, as probable cause does not require absolute certainty." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotations and citations omitted). Generally, the "[p]olice have probable cause to arrest if they receive information from a putative crime victim, unless the circumstances raise doubt as to the person's veracity." *Id*.

Here, Plaintiff does not include enough facts to state a false arrest claim against either officer because he does not describe the circumstances of his arrest or the actions of the officers who arrested him. Plaintiff does not mention either officer by name in the body of his complaint. Rather, he states that "law enforcement made an unlawful arrest of Plaintiff" in Middletown, New York, "without [his] being a suspect of a crime" and where "[n]o identification was made to give probable cause for arrest." (ECF 1 at 5-6.) Without describing the relevant events leading up to and during the arrest, the complaint does not set forth allegations that plausibly suggest that either officer falsely arrested him. Accordingly, the Court grants Plaintiff leave to reassert his false arrest claim to provide facts suggesting that his arrest was effectuated without probable cause.

**2.    Malicious Prosecution**

To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that

the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39 (2022).

Here, Plaintiff does not state whether his criminal proceedings are ongoing or terminated in his favor. Because Plaintiff does not provide sufficient information for the Court to consider this claim, the Court grants Plaintiff 60 days' leave to reassert his malicious prosecution claim.

### 3.    Middletown Police Department

Plaintiff seeks to maintain a Section 1983 claim against the Orange County Law Enforcement Agency and specifically the Middletown Police Department. Because Plaintiff seeks to bring claims against the MPD, the Court construes the complaint as asserting a municipal liability claim against the MPD and the City of Middletown.[5]

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The

---

[5] Unless otherwise authorized by a municipal charter, municipal agencies and departments are not suable entities, and thus do not have the capacity to be sued, as opposed to the respective municipalities themselves. *See Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter." (emphasis in original)). Under the Middletown City Charter, the Police Commission is the final policymaking body for law enforcement. *See* Middletown City Charter, Title VII §§ 127–129; *Bowman v. City of Middletown*, 91 F. Supp. 2d 644, 659 (S.D.N.Y. 2000) (referencing the Middletown City Charter and holding that plaintiff "has made no showing that any decision of the Police Commission led to his arrest, or that [any named defendant] was a final policymaker."). At this early stage, the Court will assume without deciding that the Middletown Police Department is a suable entity.

plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not include any facts suggesting that the MPD or the City of Middletown adopted a policy, custom, or practice that caused him to suffer a constitutional harm. Rather, Plaintiff's claims appears to be based entirely on the alleged misconduct of Officer Ortiz who presumably arrested Plaintiff on June 6, 2024. Even when read liberally, the complaint omits any fact linking the alleged false arrest to any municipal policy or custom. *See Fisk v. Letterman*, 501 F. Supp.2d 505, 527 (S.D.N.Y. 2007) ("[A] single incident of unconstitutional conduct by a non-policymaking employee of the City will generally not suffice to establish liability [under Section 1983].") (internal quotation marks and citation omitted). The Court therefore grants Plaintiff leave to reassert his claims against the MPD and the City of Middletown to state facts plausibly suggesting that a policy, custom, or practice caused the violation of his rights.

## E.    Injunctive Relief Regarding Ongoing Criminal Proceedings

The Court construes Plaintiff's complaint seeking injunctive relief as seeking this Court's intervention in his going criminal proceedings. This Court, however, cannot intervene in those

proceedings under a doctrine established in the United States Supreme Court case *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that a federal court may not intervene in a pending state court criminal proceeding in the absence of special circumstances. A federal court must abstain from exercising jurisdiction if "(1) there is an ongoing state criminal proceeding; (2) the claim raises important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims." *Schlagler v. Phillips*, 166 F.3d 439, 442 (2d Cir. 1999). "[I]t is [clear] that a state's interest in the administration of criminal justice within its borders is an important one." *Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995). Moreover, "a pending state prosecution [ordinarily] provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

Where a plaintiff can show special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate, a federal court should not abstain from exercising jurisdiction. For example, if a "proceeding was initiated with and is animated by a retaliatory, harassing, or other illegitimate motive," abstention may not be warranted. *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002). Moreover, where a plaintiff claims irreparable injury, "the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46 (internal quotation marks and citation omitted).

The Court must abstain from intervening in Plaintiff's ongoing criminal proceedings because the State of New York has a clear interest in adjudicating this criminal matter and Plaintiff does not plead any facts suggesting that he cannot *raise* his claims in his state court proceeding; Plaintiff's disagreement with the trial court's decisions does not itself warrant

intervention. Moreover, the complaint does not plead facts showing any exceptional circumstances suggesting bad faith, harassment, or irreparable injury. The Court therefore abstains from exercising jurisdiction and dismisses the action for lack of subject matter jurisdiction. *See Diamond "D" Const. Corp.*, 282 F.3d at 197 ("[W]hen Younger applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter.").

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, within the Second Circuit, "[a] *pro se* party should be granted leave to amend if 'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Janakievski v. Exec. Dir., Rochester Psych. Ctr.*, 955 F.3d 314, 320 (2d Cir. 2020) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Because Plaintiff may be able to allege additional facts to state valid claims under Section 1983, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his false arrest and malicious prosecution claims against Officers Ortiz and Valastro, and his municipal liability claims against the MPD and the City of Middletown.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If he has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information

should include:

1. the names and titles of all relevant people;

2. a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

3. a description of the injuries Plaintiff suffered; and

4. the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, **any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.**

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-1674 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses Plaintiff's claims against Judge Richard J. Guertin, Assistant District Attorney David J. Byrne, Christopher Gurda, Mathew D. Witherow, and Alex Smith. *See* 28

14

U.S.C. § 1915(e)(2)(B)(i)-(iii).

SO ORDERED.

Dated:    October 20, 2025
          New York, New York

                                Louis L. Stanton
                                Louis L. Stanton
                                U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                Middle Initial                Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                      Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                  Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                  Zip Code

Defendant 2:

First Name                  Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                  Zip Code

Defendant 3:

First Name                  Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                  Zip Code

Defendant 4:

First Name                  Last Name                        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                  Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                            Plaintiff's Signature

_____
First Name                              Middle Initial             Last Name

_____
Prison Address

_____
County, City                                         State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:    _____