UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY C. PARRISH,

Plaintiff,

-against-

DAVID C. HOOVLER; MICHEAL HUGHES; STEPHEN VALASTRO; ORTIZ; CHRISTOPHER GURDA; MATHEW D. WITHEROW; ALEX SMITH

Defendants.

25-CV-1674 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. § 1983, asserting claims of false arrest and fabrication of evidence. By order dated October 20, 2025, the Court granted Plaintiff 60 days' leave to file an amended complaint. On December 18, 2025, December 23, 2025, and April 28, 2026, Plaintiff filed amended pleadings. The third amended complaint, filed on April 28, 2026, is the operative pleading. For the reasons set forth below, the Court dismisses the third amended complaint without prejudice.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

The following facts are drawn from the third amended complaint.[1] On June 6, 2024, Defendant Officer Stephen Valastro of the Town of Crawford Police Department, "responded to a call of a man o[n] the side of [the] road bleeding on Rt. 17K Town of Crawford." (ECF 10, at 2.) Plaintiff claims that "Officer Valastro approached the victim [Jay V. Weller] asking 'what happened Jay?'" (*Id.*) Plaintiff contends that Mr. Weller informed Officer Valastro that someone had shot him, but when Officer Valastro inquired who shot him, Mr. Weller did not respond. (*Id.*) Later, when Mr. Weller was placed in an ambulance, he informed Officer Valastro that "his assailant was 'JK'." (*Id.* at 3.) Officer Valastro, however, "proceeded to manufacture false reports alleging tha the victim informed them that he was shot by Anthony C. Parrish." (*Id.*) Defendant Officer Ortiz arrested Plaintiff without a warrant. (*Id.*) "The weapon allegedly used in the crime, which upon information and belief, was found at [the] scene of [the] crime, was then taken and planted in Plaintiff's car by Orange [C]ounty Law Enforcement." (*Id.*)

Plaintiff claims his assigned lawyers—Christopher Gurda, Mathew D. Witherow, and Alex Smith—conspired "with Orange County official herein . . . coming to an agreement that they will allow the petitioner's arrest which was based on false and misleading information." (*Id.*)

Plaintiff asserts claims of false arrest and fabrication of evidence, in violation of the Fourth, Sixth, and Fourteenth Amendments. He seeks money damages.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

According to publicly available records, on September 10, 2026, a jury found Plaintiff guilty of charges, including attempted murder, stemming from the events that transpired on June 6, 2024 conviction. *See People v. Parrish*, Ind. No. 70473-24/001 (N.Y. Sup. Ct., Orange Cnty. Sept. 10, 2026). Sentencing is scheduled for November 10, 2026. *See id.*

**DISCUSSION**

In light of Plaintiff's conviction, his claims for monetary damages—all of which would, if successful, imply the invalidity of his conviction—are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that to recover monetary damages for:

> [an] allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (cleaned up); *see Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (per curiam) (affirming dismissal under *Heck* of Section 1983 claims alleging that police officers "committed numerous acts of perjury and coerced witnesses to wrongfully identify [plaintiff]" because "these allegations, if proven, would have rendered [plaintiff's] conviction invalid").

Here, Plaintiff asserts that Defendants violated his rights by falsely arresting him and by fabricating evidence. If Plaintiff were successful on any of these claims, such success would imply the invalidity of his conviction. *Heck* therefore bars Plaintiff's claims for monetary damages asserted in this action. Before seeking monetary relief for claims that are necessarily inconsistent with his conviction, Plaintiff must show "that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated. *Heck*, 512 U.S. at 487. Because Plaintiff does not allege that any court vacated his conviction, the Court dismisses his claims for monetary

damages, without prejudice, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## SUPPLEMENTAL JURISDICTION

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's third amended complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend this pleading.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: October 5, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.